IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMAR CASLEBERRY, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE: 5:23-CV-00017-MTT-CHW |
| VS. | : | |
| | : | |
| DOCTOR EKWINIFE, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| _____ | | |

### ORDER AND RECOMMENDATION

*Pro se* Plaintiff Lamar Deshawn Casleberry, a prisoner at Baldwin State Prison in Hardwick, Georgia, filed a 42 U.S.C. § 1983 action.  ECF No. 1.  He requests leave to proceed without prepayment of the filing fees.  ECF No. 2.  Plaintiff has also filed a motion for the appointment of an attorney.  ECF No. 3.  Plaintiff's request for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DEFERRED** for fourteen days and Plaintiff is **ORDERED** to file the statutory documents to support his motion as explained below or pay the full filing fee.  Plaintiff is further **ORDERED** to recast his complaint as explained below.

### MOTION TO APPOINT AN ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney.  ECF No. 3.  As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).  Appointment of counsel is a privilege that is justified only by

exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed an incomplete motion to proceed *in forma pauperis* in that he has failed to submit a certified copy of his inmate trust fund account. *See* ECF No. 2. A prisoner seeking to proceed without prepayment of filing fees must submit (1) an

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Accordingly, Plaintiff is **ORDERED** to file a certified copy of his inmate trust account for the preceding six months signed by a prison official in support of his motion to proceed *in forma pauperis*[2] or pay the $402.00 filing fee or Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to address the filing fee as ordered.

## MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion for preliminary injunction or temporary restraining order. ECF No. 5. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam). Factors a movant must show to be entitled to a TRO include: "(1) a

---

[2] Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. 28 U.S.C. § 1915(b). Thus, funds will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his pleadings, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. *See* Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. To the extent Plaintiff wishes to raise claims for injunctive relief, he may do so in his recast complaint in accordance with the Court's instructions below. It is therefore **RECOMMENDED** that Plaintiff's claims for preliminary injunctive relief or a temporary restraining order be **DENIED** at this time.

Pursuant to 28 U.S.C. §636(b)(1), the Plaintiff may file written objections to this recommendation to deny the temporary injunction with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this recommendation. The Plaintiff may seek an extension of time to file objections to the recommendation to deny the preliminary injunction, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1)

waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff has filed a complaint over twenty pages long that contains a variety of unconnected allegations. *See* ECF No. 1. Specifically, Plaintiff complains about entirely separate events from various dates that assert different types of unrelated claims, often without attributing his complaints to any specific defendant. *Id.* Plaintiff names as Defendants several supervisory officials, such as the Georgia Prison Commissioner, Wardens, Deputy Wardens, and Unit Managers[3]. *Id.* His Defendants also include a number of unnamed "staff" members or correctional officers[4] from three different prisons.[5]

---

[3] Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

[4] Fictitious party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Thus, Plaintiff must make every effort to inform the Court of the names of the officers involved in a specifically alleged claim or to provide sufficient description to allow these officers to be identified for service. If he fails to do so, the Doe Defendants will be dismissed

5

Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances. Plaintiff has further failed to attribute his allegations to his named Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Plaintiff's pleading is a typical shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is

---

from the action.

[5] Augusta State Medical Prison lies within the Southern District of Georgia and any federal actions regarding events occurring within that prisons must be filed within that District. *See* 28 U.S.C §90(c).

virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006).

The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Such pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002).

Furthermore, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants

7

will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff throughout his incarceration time at various prisons or even in one prison or jail does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ."

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for which relief may be granted. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this complaint for

8

violating the rules of Civil Procedure, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint. If the Plaintiff wishes to pursue unrelated claims, he is advised that these claims would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

9

(2)  Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?

(3)  When and where did each action occur (to the extent memory allows)?

(4)  How were you injured because of this Defendant's actions or inactions?

(5)  What legally permissible relief do you seek from this Defendant?[6]

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's

---

[6] Plaintiff states that he wants this Court to assign "the Attorney General" to his case and to order an investigation into his claims by "the appropriate law enforcement and state agencies" in part to "clear [him] of the crimes that have been committed using [his] guise". ECF No. 1 at 18 and 20. United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).  Plaintiff further requests that this court transfer him to another prison or otherwise order the Georgia Department of Corrections to do so.  ECF No. 5.  Even if Plaintiff could prevail in this action, he does not have a federal constitutional right of transfer to another prison. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison.").  Furthermore, this Court has no authority to order the transfer of Plaintiff from one state prison to another nor to direct the Georgia Department of Corrections to transfer him to another facility or even to another dormitory. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…").  "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973).  As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

amended complaint will take the place of his original complaint, including all exhibits or attachments. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. Additionally, Plaintiff should state his claims as simply as possible, referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. Plaintiff is not to include any exhibits or attachments. Plaintiff is further directed not to include proposed orders as he did with his original complaint. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion for the appointment of an attorney (ECF No. 3) is **DENIED**. It is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No.5) be **DENIED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) either pay the $402.00 filing fee or submit a proper certified account statement, signed by the appropriate prison official and including a statement of Plaintiff's account transactions for the previous six months. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DEFERRED** for these fourteen days for Plaintiff to provide the statutorily required account statement. The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form and an account certification form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case upon any Defendant until further order of the Court.

**SO ORDERED and RECOMMENDED**, this 13th day of February, 2023.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge