IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMAR DESHAWN CASLEBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:23-cv-17 (MTT) |
| | ) | |
| Doctor DAVID EKWINIFE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Plaintiff Lamar Deshawn Casleberry objects to United States Magistrate Judge Charles H. Weigle's February 13, 2022 Order and Recommendation (1) denying Casleberry's motion to appoint counsel, (2) ordering Casleberry to file the appropriate forms to proceed *in forma pauperis*, (3) ordering Casleberry to recast his complaint, and (4) recommending that the Court deny Casleberry's motion for a temporary restraining order. Doc. 11. Casleberry further requests an extension of time and additional pages to recast his complaint in the event the Court affirms the Magistrate Judge's Order. *Id*.

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order with 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

First, Casleberry objects to the Magistrate Judge's Order denying his motion to appoint counsel.  Doc. 11 at 1-3.  Casleberry contends that the Magistrate Judge's Order directing him to recast his complaint illustrates that the Court has imposed "a procedural requirement that would limit Plaintiff's ability to present his case." *Id*. at 2 (quoting Doc. 9 at 2).  Furthermore, Casleberry contends that his inability to access the law library justifies the appointment of counsel.  *Id*.  Contrary to Casleberry's contentions, the Magistrate Judge has not imposed any procedural requirements which would limit his ability to present his case.  In fact, the Magistrate Judge provided Casleberry with instructions on how to recast his complaint and the applicable legal doctrines are readily apparent.  Doc. 9 at 2, 9-11; *see Seibert v. Comm'r, Georgia Dep't of Corr.*, 680 F. App'x 837, 841 (11th Cir. 2017).  After review, the Court finds that the Magistrate Judge's Order denying Casleberry's motion to appoint counsel was not clearly erroneous or contrary to law.  Accordingly, Casleberry's first objection is **REJECTED**, and the Magistrate Judge's Order denying Casleberry's motion to appoint counsel (Doc. 9) is **AFFIRMED**.

Second, Casleberry objects to the Magistrate Judge's Order directing Casleberry to file the statutorily required account statement in support of his motion to proceed *in forma pauperis*.  Doc. 11 at 3.  But Casleberry's prisoner trust fund account statement was subsequently filed with the Court.  Doc. 12.  Accordingly, Casleberry's second objection is **REJECTED** as moot, and the Magistrate Judge's Order to submit an account statement (Doc. 9) is **AFFIRMED**.

Third, Casleberry objects to the Magistrate Judge's Order directing Casleberry to recast his complaint.  Doc. 11 at 8-12.  Casleberry contends that the Magistrate Judge's

findings are "overstated and false" and that the complaint is properly plead without defect. *Id*. at 8. But, as the Magistrate Judge noted, Casleberry's complaint contains many deficiencies, including improperly joined claims, impermissible fictitious party pleading, requested relief unavailable in a 42 U.S.C. § 1983 action, and failures to causally connect a number of alleged constitutional violations to a named defendant. *See* Doc. 1. After review, the Court finds that the Magistrate Judge's Order to recast the complaint was not clearly erroneous or contrary to law. Accordingly, Casleberry's objection is **REJECTED**, and the Magistrate Judge's Order to recast (Doc. 9) is **AFFIRMED**.

Fourth, Casleberry further objects to the Magistrate Judge's recommendation that the Court deny Casleberry's motion for a temporary restraining order. Doc. 11 at 3-8. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo. Casleberry's objection merely reiterates the arguments provided in his motion for a temporary restraining order. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 9) is **ADOPTED** and made the Order of the Court. Accordingly, Casleberry's motion for a temporary restraining order (Doc. 5) is **DENIED**.

Finally, Casleberry requests an extension of time to recast his complaint and additional pages to do so. Doc. 11 at 10. Casleberry argues he needs additional pages to present all his claims. However, Casleberry is improperly joining unrelated claims in a single civil action. *See* Doc. 1. And the Court agrees with the Magistrate Judge that

Casleberry can plead related claims within a ten-page limit.[1]  Doc. 9 at 5-11. Accordingly, Casleberry's request for additional pages is **DENIED**.  If Casleberry wishes to proceed, he must recast his complaint on the Court's standard § 1983 form and his complaint must not exceed ten pages.  However, Casleberry's request for an extension of time to recast his complaint is **GRANTED** and he shall have **FOURTEEN** (14) days from the date of this Order to submit his recast complaint as previously instructed by the Magistrate Judge.

In sum, the Recommendation (Doc. 9) is **ADOPTED** and made the Order of the Court.  Accordingly, Casleberry's motion for reconsideration (Doc. 11) and motion for a temporary restraining order (Doc. 5) are **DENIED**.

**SO ORDERED**, this 3rd day of March, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] If Casleberry wishes to proceed with an unrelated claim, then he may do so in a new civil action submitted upon the Court's standard form.  Casleberry must address the filing fee in each separate action that he chooses to pursue.