# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LAMAR CASLEBERRY,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:23-cv-00017-MTT-CHW |
| **DOCTOR EKWINIFE,** *et.al.*, | : |
| **Defendants.** | : |

## ORDER

*Pro se* Plaintiff Lamar Deshawn Casleberry, a prisoner at Baldwin State Prison in Hardwick, Georgia, filed a document that was docketed as a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* without the statutorily required supporting documents. ECF No. 2. On February 13, 2023, Plaintiff was ordered to recast his complaint and was provided instructions on how to do so. ECF No. 9. Plaintiff was further ordered to either submit the statutorily required documents to support his motion to proceed *in forma pauperis* or pay the full filing fee. *Id*. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply with an order of the Court could result in dismissal of this action. *Id*.

Plaintiff thereafter submitted his account statement. ECF No. 12. However, Plaintiff did not submit a recast complaint. Instead, on February 27, 2023, Plaintiff filed objections to the Magistrate Judge's initial review of the complaint and order compelling him to recast his complaint. ECF No. 11. On March 3, 2023, this Court reviewed

Plaintiff's objections and sustained the findings of the Magistrate Judge. ECF No. 13. Plaintiff was once again ordered to recast his complaint and given instructions on how to do so. *Id*. Plaintiff was provided an additional fourteen days to submit his recast complaint. *Id*.

On March 24, 2023, Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to pay a partial initial filing fee of $32.53 in accordance with 28 U.S.C. § 1915(b)(1). ECF No. 15. Plaintiff was further reminded that he "must also submit his recast complaint as previously ordered on February 13, 2023 (ECF No. 9) and again on March 13, 2023 (ECF No. 13)". ECF No. 15 at 4. Plaintiff was again advised that "[f]ailure to comply with this or any order of the Court may result in dismissal of this action". *Id*. Plaintiff did not submit his recast complaint or the initial partial filing fee as ordered. Instead, on March 31, 2023, Plaintiff filed a motion requesting this Court "refer his case and the merits presented in his objection to the Supreme Court" because his claims "cross not only into different districts in GA, but to different 'loved ones' in different states" and "the relief/ remedy Plaintiff needs is beyond the Jurisdiction and Authority of the District Courts". ECF No. 16 at 3. On April 4, 2023, Plaintiff's motion to refer his civil action to the Supreme Court was denied. ECF No. 17. Plaintiff was again notified that he has failed to comply with the Court's orders to recast his complaint and pay the partial initial filing fee. *Id*. at 1-2. Plaintiff was again warned that his "complaint is subject to dismissal if Plaintiff continues to disregard the orders of the Court". *Id*. at 2.

Plaintiff failed to submit a recast complaint or the initial filing fee. Therefore, on

April 21, 2023, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous orders. ECF No. 18. The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to comply with this Court's orders. *Id*. Plaintiff was given fourteen (14) days to respond. *Id*. On May 2, 2023, Plaintiff filed a "Declaration in Response to Order to Show Cause" in which he raised several new claims in yet another shotgun style pleading. *See* ECF No. 19. On May 3, 2023, the Court addressed Plaintiff's response to the order to show cause. ECF No. 20. Specifically, the Court advised Plaintiff that his response "raises new retaliation claims in a vague and conclusory manner without foundationally attributing those claims to a specific defendant". *Id*. at 2. The Court also recaps for the Plaintiff that he was first ordered to recast his complaint on February 13, 2023 and was first ordered to pay the statutorily required partial filing fee on March 24, 2023. *Id*. at 2-3. The Court noted that "Plaintiff's time for compliance with the order of the Court to recast his complaint had expired well before the events complained of in Plaintiff's response to the order to show cause". *Id*. at 2. The Court further noted that Plaintiff's claims raised in his response to the order to show cause that he lacks writing supplies and access to the Court is without credibility because Plaintiff was able to file a response to the order to show cause. *Id*. Although Plaintiff's case could have been dismissed at that time for failing to comply with the Court's repeated orders to recast his complaint and pay the partial filing fee, the Court graciously issued a second Order to show cause which provided Plaintiff an additional fourteen days to come into compliance. *Id*. at 3. The Court informed Plaintiff again that

3

this action would be dismissed if he failed to comply with this Court's orders to recast his complaint and to pay the partial initial filing fee. *Id*.

And now, once more, Plaintiff has failed to submit a recast complaint as instructed and failed to pay the partial initial filing fee and instead, opting to file an objection to the Magistrate Judge's orders (ECF No. 21) and another response to the Court's orders to show cause (ECF No. 22). The Court has reviewed Plaintiff's "objection to second order to show cause" (ECF No. 21) and finds the response to be yet another shotgun pleading. In particular, Plaintiff appears to argue anew that he should not be required to recast his complaint in part because he has properly plead his claims and that he should be granted some undefined preliminary injunction. *See* ECF No. 21. Plaintiff's objection to the show cause order is **REJECTED**, and the Magistrate Judge's Order to show cause (ECF No. 20) is **AFFIRMED**.

Plaintiff has repeatedly been ordered to file a recast complaint and to pay the statutorily mandated initial partial filing fee. ECF Nos. 9, 13, 15, 17, 18, and 20. However, Plaintiff has never filed his recast complaint nor paid the initial filing fee as ordered. Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

4

**SO ORDERED,** this 22nd day of June, 2023.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
